The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH WITT,<br><br>　　　　　　　Defendant. | NO. CR25-046 RSM<br><br>GOVERNMENT'S TRIAL BRIEF |

The United States of America, through Charles Neil Floyd, United States Attorney for the Western District of Washington, and Rachel Yemini and Brian J. Wynne, Assistant United States Attorneys, respectfully submits this trial brief in the above-captioned case.

## I.　　INTRODUCTION

On March 26, 2025, a federal grand jury returned a single-count indictment against Keith Witt. Dkt. 1. The indictment charges Witt with Abusive Sexual Contact, in violation of Title 18 United States Code, Section 2244(b) and Title 49, United States Code, Section 46506(1). *Id.*

The trial is scheduled to begin on February 9, 2026. The government expects to call approximately ten witnesses and introduce eight to ten exhibits. The government

Government's Trial Brief – 1
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

anticipates that it can present its case-in-chief in approximately three days, not including jury selection, opening statement, and closing argument.

## II.   FACTUAL SUMMARY

On August 11, 2023, 19-year-old Victim 1, boarded an Alaska Airlines flight in Billings, Montana, bound for Seattle-Tacoma International Airport. Victim 1 was traveling alone on her way back home.

Victim 1 sat in seat 7D, a window seat immediately adjacent to Keith Witt. From the beginning of the flight, Witt initiated conversation with Victim 1 and continued to converse until Victim 1 indicated she was going to sleep. Victim 1 closed her eyes and pretended to sleep.

As Victim 1 pretended to sleep, Witt touched her bare thigh below her shorts. Victim 1 opened her eye and observed Witt's pinky finger on her thigh. She froze. Witt then began to slowly touch Victim 1's thigh with his other fingers.

Victim 1 flinched, hoping that Witt would move his hand away. He did. But when Victim 1 appeared to be asleep again, Witt moved his hand back onto Victim 1's thigh. Unsure of what to do, Victim 1 flinched again, and, again, Witt moved his hand away. He then started to touch her thigh again. Victim 1 flinched several times in attempt to remove his hand from her thigh, but once she appeared to be asleep, Witt touched her thigh, moving higher up her leg each time.

At one point, Witt placed his hand on Victim 1's thigh and began moving his hand towards her inner thigh. He then rested his hand on Victim 1's inner thigh and moved his thumb on her skin.

Victim 1 pretended to wake up, which prompted Witt to immediately withdraw his hand from her thigh. Witt, believing she had been sleeping, asked Victim 1 about her nap. Victim 1 asked if she could go to the bathroom. When Witt stood up to let her pass, Victim 1 observed that Witt had an erection.

Victim 1 told a flight attendant about Witt's actions. She then went to the

Government's Trial Brief – 2
United States v. Witt, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

bathroom, where she cried and texted her mother what had happened. She remained in the bathroom for about 15 minutes until the flight attendant knocked on the door and told her she needed to return to her seat. Witt was moved to another seat toward the back of the plane. Victim 1 returned to her seat for the remainder of the flight.

After the plane landed at Seattle-Tacoma International Airport, law enforcement escorted Victim 1 off the plane and conducted interviews with her and then separately with Witt. Witt agreed to a recorded interview in which he denied touching Victim 1. He claimed he could not remember her name and said he had a daughter who was Victim 1's age. Several passengers who were seated near Witt and Victim 1 were interviewed and confirmed that they had observed Witt speaking to Victim 1. They reported Victim 1 looking distressed and upset.

### III.  ELEMENTS OF THE OFFENSE

Witt is charged in Count One with Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(b) and Title 49 United States Code, Section 46506(1). The elements of the offense are as follows:

> First, the defendant knowingly had sexual contact with Victim 1;
> Second, the sexual contact was without Victim 1's permission; and
> Third, the offense was committed while aboard an aircraft in flight within the special aircraft jurisdiction of the United States.

Ninth Circuit Model Jury Instructions 20.17 (2022 Edition, Last Updated September 2025).

In this case, "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 18 U.S.C. § 2246(3).

"Special aircraft jurisdiction of the United States" includes an aircraft in flight in the United States. 49 U.S.C. § 46501(2)(C). "In flight" means an aircraft from the moment

Government's Trial Brief – 3
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

all external doors are closed following boarding through the moment when one external door is opened to allow passengers to leave the aircraft. 49 U.S.C. § 46501(1).

## IV. POTENTIAL LEGAL AND EVIDENTIARY ISSUES

### A. Witnesses

The government will separately file its list of intended witnesses. The witnesses are not listed in the order in which the government intends to call them. The government will provide the defense a list of the witnesses it expects to call the day prior to their anticipated testimony.

### B. Statements of the Defendant

The government expects to introduce evidence regarding statements made by Witt on the airplane, including statements made to Victim 1 and flight attendants. Additionally, the government reserves the right to introduce statements made by Witt during an interview with a responding Port of Seattle police officer after the plane landed at SeaTac International Airport.

Statements by a defendant are not hearsay when offered by the government against the speaker. Fed. R. Evid. 801(d)(2). An out-of-court statement of a declarant offered by the declarant on his own behalf, however, is inadmissible hearsay because, among other things, it is not a statement by a party-opponent. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000); *see also Williamson v. United States*, 512 U.S. 594, 600 (1994) (the hearsay rule excludes self-exculpatory statements because such statements "are exactly the ones which people are most likely to make even when they are false").

Before a court may introduce statements made by a suspect in custody and under interrogation, "[t]he government has the burden of proving that the defendant has knowingly and voluntarily waived his *Miranda* rights." *United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir.1984).

Here, Witt made numerous statements to Victim 1 and flight attendants while aboard the flight. He also made various statements to a Port of Seattle police officer after

Government's Trial Brief – 4
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

deplaning. The statements of Witt, in both of these contexts, are admissible under Federal Rule of Evidence 801(d)(2) and the United States Constitution, but only if offered by the government.

### C. Excited Utterances of Victim 1

The government intends to introduce into evidence statements made by Victim 1 to the flight attendant aboard the plane and to her mother while aboard the airplane via text message after she was molested by Witt. Victim 1's statements to the flight attendant and text messages to her mother are admissible as excited utterances under Federal Rule of Evidence 803(2).

Pursuant to Rule 803(2), a statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused are not excluded by the rule against hearsay. In determining whether a statement constitutes an excited utterance under the exceptions to hearsay rule, "[r]ather than focusing solely on the time a statement was made, [courts] consider other factors, including the age of the declarant, the characteristics of the event and the subject matter of the statements." *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995). The lapse of time between the startling event and the out-of-court statement is not dispositive. *Id.*

In this case, shortly after experiencing Witt's repeated unwanted touching, 19-year-old Victim 1 immediately reported it to a flight attendant and then sought refuge in the bathroom where she texted her mother and described what Witt did to her. She was in shock, trembling, or crying—visibly under the stress of the startling event—at the time she made these various statements. Victim 1's disclosures are admissible under Federal Rule of Evidence 803(2).

### D. Statements Offered for a Non-Hearsay Purpose

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The admission of hearsay into evidence is generally proscribed by Rule 802.

Government's Trial Brief – 5
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

When it is relevant that an out-of-court statement was made, however, and the statement is offered exclusively to prove that it was made, it is not hearsay and is therefore admissible. *See Williams v. United States*, 458 U.S. 279 (1982). That is because statements not offered for their truth are not hearsay. Fed. R. Evid. 801(c).

In certain instances, the government may offer out-of-court statements not to prove the truth of the matters asserted, but merely to explain information possessed by, and the subsequent actions of, the investigative agents, law enforcement officers, and other witnesses. Furthermore, additional out-of-court statements provide necessary context to comprehend the admissible statements of the defendant and others. Because these statements will not be offered for the truth of the matter asserted, the statements would not constitute hearsay as defined by Rule 801(c). *See United States v. Mitchell*, 502 F.3d 931, 966 (9th Cir. 2007) (no error in allowing investigator to testify about out-of-court statements from an informant that caused him to go to a certain location); *see also United States v. Brown*, 923 F.2d 109, 111 (8th Cir. 1991) (out-of-court statement is not hearsay if offered for the limited purpose of explaining why a police investigation was undertaken).

### E. Prior Consistent Statements

Should the defense seek to impugn Victim 1's credibility at trial, the government may seek to introduce Victim 1's prior consistent statements pursuant to Rule 801(d)(1)(B)(i) and (ii).

Under Rule 801(d)(1)(B)(i), a statement is not hearsay where "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying . . ." Circuit courts have made clear that prior consistent statements are admissible where the defense opens the door by cross-examining a witness about prior inconsistent statements or suggesting that her testimony

Government's Trial Brief – 6
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

is the result of a recent improper influence or motive. *United States v. Montague*, 958 F.2d 1094, 1096 (D.C. Cir. 1992) ("In short, when a defense attorney pursues a line of questioning designed to impugn the motives of a witness, she assumes the risk that the government will introduce rebuttal evidence under Rule 801(d)(1)(B)") (*citing United States v. Simmons*, 567 F.2d 314, 321–22 (7th Cir. 1977)). There is a four-element test to admit prior consistent statements under the rule: (1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose. *United States v. Chang Da Liu*, 538 F.3d 1078, 1087 (9th Cir. 2008). The prior consistent statement may be introduced through a witness other than the declarant. *United States v. Green*, 258 F.3d 683, 692 (7th Cir. 2001).

In addition, pursuant to Rule 801(d)(1)(B)(ii), a statement is not hearsay where "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and is offered to rehabilitate the declarant's credibility as a witness when attacked on another ground." Subsection ii was added to the rule in 2014 "to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801 (Advisory Committee's Note to 2014 Amendment); see also *United States v. Flores*, 945 F.3d 687, 705 (2d Cir. 2019) (admitting prior consistent statement where defendant argued that the witness could not be trusted because the incident occurred long ago).

Accordingly, if the defense seeks to challenge Victim 1's credibility, the government will seek to admit her prior consistent statements under the applicable subpart of Rule 801(d)(1)(B).

Government's Trial Brief – 7
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### F. Business Records

The government will offer into evidence limited business records of Alaska Airlines. The business record exception allows a record to be admitted if it is made at or near the time of the events set forth therein, by a person with knowledge, and is kept in the course of regularly conducted business activity, if it is the regular practice of the business to make the record. Fed. R. Evid. 803(6). Any person familiar with the business record-keeping practices of the business who can identify the record at issue as having been made in the ordinary course of business is a sufficient foundational witness; personal knowledge of the document is not required and does not affect its admissibility. *See United States v. Pitman*, 475 F.2d 1335, 1337 (9th Cir. 1973); *see also United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993) (the phrase "other qualified witness" is broadly interpreted to require "only that the witness understand the record-keeping system" at the particular business). Similarly, a record generated by a third party and received and relied upon in the ordinary course of business, such as an invoice, becomes a business record of the company relying upon it. *See id*. at 1333-34; *see also United States v. Jawara*, 474 F.3d 565, 585 (9th Cir. 2007) ("[W]e would have no trouble concluding that a college in the United States was a proper custodian of its students' SAT results, even though the SAT results were actually prepared by another entity"). Incompleteness, ambiguities, and inaccuracies in records go to the weight to be given the evidence, not to its admissibility. *See United States v. Catabran*, 836 F.2d 453, 458 (9th Cir. 1988).

Copies of the records and custodian certifications have been produced through discovery, as has written notice of the government's intent to introduce such records; in particular, written notification of the government's intent to rely upon records and custodian certifications was sent to Witt. Absent objection from the defense, the records are admissible under Federal Rule of Evidence 902(11).

//

Government's Trial Brief – 8
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### G. Stipulations

The government and the defense are working in earnest regarding crafting a stipulation related to the admissibility of certain Alaska Airlines business records. If the parties are able to agree to a stipulation, it will be provided to the Court.

### H. Presence of Case Agent During Trial

Federal Rule of Evidence 615 provides that witnesses should be excluded so that they cannot hear other witnesses' testimony. The Rule does not authorize exclusion of "an officer or employee of a party which is not a natural person designated as its representative by its attorney," or "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed. R. Evid. 615. The United States designates FBI Special Agent Allana Kleinosky, the case agent for this case, as its representative party and requests that she be exempt from exclusion. A case agent is properly exempted from Rule 615 as an officer for the government. *See United States v. Thomas*, 835 F.2d 219, 223 (9th Cir. 1987) (permitting agent to be present during trial as "officer for the government" even though he was called as a witness); *see also United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984) (same).

## V. POSSIBLE DEFENSES

The Defendant has not given notice of any defense for which the Federal Rules of Criminal Procedure require notice. Therefore, the government moves to bar any such defense if it were raised during trial.

## VI. RECIPROCAL DISCOVERY

To date, the government has provided over 250 pages of discovery to the defense, including documents, law enforcement reports, memoranda, and video- and audio-recorded interviews. As of the date of the filing of this memorandum, the United States has received limited discovery, specifically, a record of Witt's credit card records and prescription medication records. The government will seek to exclude any additional

Government's Trial Brief – 9
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

materials offered during the course of trial that should have been provided previously, pursuant to Rule 16(d)(2) of the Federal Rules of Criminal Procedure.

### VII.   CONCLUSION

The government is not aware of other legal issues that are likely to arise during the course of this trial. If other issues do arise, the government will address those issues by way of a supplemental brief.

DATED this 26th day of January, 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Rachel Yemini*
RACHEL YEMINI
BRIAN J. WYNNE
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2268
Email: Rachel.Yemini@usdoj.gov

Government's Trial Brief – 10
*United States v. Witt*, CR25-046 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970