The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. No. CR25-046 RSM |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| KEITH WITT, | |
| Defendant. | Sentencing Hearing: July 2, 2026, 10:00 a.m. |

## I.    Introduction

This is a difficult sentencing.  The jury found that Mr. Witt committed abusive sexual contact against SM during a flight from Billings to Seattle in 2023.  The defense does not ask the Court to disregard that verdict, minimize the seriousness of the offense, or overlook the harm that SM has described.  The confined setting of an airplane made the conduct particularly serious, and the Court must impose a sentence that reflects that seriousness, promotes respect for the law, provides just punishment, and protects the public.

But sentencing also requires the Court to look beyond the offense alone.  Section 3553(a) requires an individualized sentence based on the whole record and the whole person.  Mr. Witt is not before the Court after a lifetime of criminal behavior, escalating misconduct, or prior

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 1

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

victimization of others.  He was 55 years old at the time of the offense.  He had no scoreable criminal history, no history of sexual misconduct, no history of violence, and no pattern of conduct suggesting that he poses an ongoing predatory risk.  To the contrary, the record shows that Mr. Witt overcame an abusive and unstable childhood, served in the Navy, built a family, founded and operated a successful business, supported others financially, volunteered in the community, and lived for decades as a productive and prosocial member of society.

The record also convincingly indicates that alcohol was central to what happened in this case.  That does not excuse the offense.  But it does matter for sentencing because it identifies the risk factor most directly connected to Mr. Witt's conduct and the factor most capable of being addressed through treatment, monitoring, and supervision.  Since this case began, Mr. Witt has confronted his alcohol-use disorder in a serious way.  He entered inpatient treatment, continued outpatient care, participated in AA, maintained sobriety, submitted to testing, and engaged in therapy.  The probation office recognized that Mr. Witt's alcohol abuse and mental health are mitigating factors and that his risk appears appropriately mitigated so long as he remains sober.

The defense therefore asks the Court to impose a sentence that is serious, but not greater than necessary: a relatively short prison term followed by five years of supervised release with strict and targeted conditions.  Such a sentence would punish Mr. Witt, acknowledge the harm caused, deter future misconduct, and protect the public.  It would also recognize the atypical facts in this case that make a lengthy prison sentence unnecessary: Mr. Witt's age, his absence of prior criminal or sexual misconduct, his decades of incident-free work travel, his prosocial history, his substantial support network, his sobriety, and the treatment and supervision tools available to the Court.  A longer sentence would add punishment, but it would not meaningfully improve public

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 2

safety or rehabilitation.  The sentence recommended by the defense is sufficient, but not greater than necessary, to satisfy § 3553(a).

## II.     Defense Sentencing Recommendation

The defense asks the Court to impose a sentence consisting of a relatively short prison term followed by a five-year term of supervised release, with conditions of supervision including alcohol abstinence; substance-use-disorder treatment; testing; sexual deviancy evaluation, and treatment if required; monitoring; payment of restitution[1]; compliance with sex-offender registration requirements; and no contact with SM.

## III.     Basis for Defense Sentencing Recommendation

Application of the factors outlined in 18 U.S.C. § 3553(a) to the facts of this case supports the defense recommendation.

### A.     Mr. Witt's background, history, and post-offense conduct support the sentence recommended by the defense.

Section 3553(a) requires the Court to sentence the whole person, not the offense conduct in isolation.  Mr. Witt does not ask the Court to excuse what the jury found occurred, or to disregard the harm described by SM.  But his history and characteristics matter because they bear directly on what sentence is sufficient, but not greater than necessary, to accomplish the purposes of sentencing.  Here, they support a short prison term followed by the significant structure already available through supervised release, alcohol abstinence, substance-use-disorder treatment, sex-offense evaluation and treatment, and continued monitoring.

Mr. Witt's life began in circumstances marked by instability, abandonment, poverty, and violence.  His biological father was absent from his life.  He moved to Alabama as a small child

---

[1] The defense confirms its agreement with the restitution calculations submitted by the government (Dkt. 67 at 15-16) and anticipates entering an agreed restitution order.

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 3

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

and was raised by a stepfather who physically abused him until Mr. Witt was approximately thirteen years old.  The presentence report (PSR) describes repeated physical abuse, including being kicked, and an incident in which his stepfather put a gun to Mr. Witt's head and to his mother's head when Mr. Witt was only nine or ten years old.  PSR ¶¶ 46-47, 56.  The PSR also assigns Mr. Witt an ACEs score of six, based on physical abuse, emotional disconnection in the home, parental separation, exposure to threats with a firearm, and his mother's alcohol misuse.  PSR ¶ 65.  Those experiences do not excuse the offense.  They do, however, help explain the longstanding trauma and substance-use issues that have shaped Mr. Witt's adult life and that are now being addressed in a meaningful way.

Despite that childhood, Mr. Witt built a stable and productive life.  After high school, he joined the Navy and then remained in Washington state after his discharge.  PSR ¶ 49.  He later pursued accounting coursework and other certifications, developed a career, and in 2012 founded Keith Witt Sales and Marketing.  PSR ¶¶ 51, 73, 75.  For more than a decade, he has operated that business, working long hours and traveling regularly for clients throughout the region.  PSR ¶¶ 75-76.  His ex-wife and adult daughter work as subcontractors in that business, making his continued stability important not only to him, but to others who rely on him financially.  PSR ¶¶ 51, 76.

The letters submitted to the Court fill out the human picture behind those facts.  Mr. Witt's children describe a father who broke the cycle of violence he experienced as a child.  Blake Witt explains that, although Mr. Witt grew up with abuse and deprivation, Blake and his sister experienced the opposite: a safe home, private school, music, sports, church, and consistent parental support.  Noell Witt describes Mr. Witt as a father who showed up constantly, coached, volunteered, worked hard, and modeled empathy through service to people in need.  Those letters

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 4

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

are significant because they provide insight into decades of consistent conduct observed by the people closest to him.

Mr. Witt's professional history points in the same direction. A former supervisor who has known him for more than twenty years describes him as reliable, hardworking, trustworthy, respectful, and professional, with no history of complaints or concerning conduct in the workplace. That history does not erase the seriousness of this case, but it is relevant to whether a lengthy prison sentence is necessary to protect the public or deter future misconduct. Mr. Witt is 58 years old, has no scoreable criminal history, has complied with pretrial supervision apart from issues that occurred before inpatient treatment, and has continued to work and participate in treatment while under the pressure of this prosecution. PSR ¶¶ 7, 38-41, 71.

The most important post-offense development is Mr. Witt's sobriety. The PSR documents that alcohol has been a serious and longstanding problem for him. He first used alcohol at thirteen, later returned to problematic drinking, and by his own account drank to excess when he drank, defining "excess" as blacking out. PSR ¶ 66. In February 2025, he required hospitalization for alcohol detoxification with suicidal ideation. PSR ¶ 57. After this case began, however, Mr. Witt entered inpatient substance-use treatment at Lakeside Milam, completed the first phase of outpatient treatment, continued into the second phase, attended sober-support meetings regularly, and adjusted his travel so that he could continue attending meetings while on the road. PSR ¶ 69. Pretrial Services verified his treatment compliance, and his urinalyses have been negative since he began treatment. PSR ¶ 71.

This is not passive compliance. Mr. Witt's sponsor reports that Mr. Witt completed all twelve steps, attends meetings consistently, helps take meetings into a treatment center, and now sponsors another person in recovery. His therapist likewise reports that he is actively engaged in

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 5

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

biweekly therapy, initiates discussions about growth, sobriety, and accountability, and has shown sustained investment in long-term recovery. The PSR confirms that Ms. Mooney diagnosed Mr. Witt with PTSD and alcohol abuse in remission, that he has been in therapy since 2023, and that he has not expressed suicidal ideation since gaining sobriety. PSR ¶ 62. The probation office has recognized that Mr. Witt's alcohol misuse and mental health could be factors that support a downward variance in this case. PSR ¶ 100.

All of these facts point in the same direction: Mr. Witt is highly unlikely to commit future crimes. He is not a person with a history of lawlessness, violence, sexual misconduct, or predatory behavior. He is a 58-year-old man who lived more than five decades without victimizing others, who built a family and a business, who supported the people around him, and who responded to this prosecution by addressing the alcohol-use disorder that appears to have been central to what happened. That history does not erase the offense, but it is highly relevant to the need for specific deterrence and public protection.

The Court is not sentencing a person who has ignored repeated opportunities to change, or who has demonstrated an escalating pattern of risk. Mr. Witt has no scoreable criminal history. He has no prior history of sexual misconduct. He complied with pretrial supervision after entering treatment. He has remained sober, participated seriously in recovery, submitted to testing, continued therapy, and built accountability into his daily life. Those are not abstract mitigating facts. They are the facts most directly bearing on whether he is likely to reoffend.

For these reasons, Mr. Witt's background and history support a short prison sentence as sufficient, but not greater than necessary, to satisfy § 3553(a).

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 6

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

**B.      The particular circumstances of the offense support the defense recommendation.**

The defense does not minimize the seriousness of the jury's verdict or the harm described by SM.  The question at sentencing, however, is not whether the offense was serious.  It was.  The question is what sentence is sufficient, but not greater than necessary, when the Court considers the offense conduct together with Mr. Witt's history, the circumstances surrounding the offense, the absence of any prior similar conduct, and the risk-reducing conditions that will follow any custodial sentence.  Viewed through that lens, the particular circumstances of this case support the defense recommendation.

Mr. Witt was 55 years old at the time of the offense.  He had lived more than five decades without any criminal history involving violence, sexual misconduct, predatory behavior, or victimization of others.  This is significant.  Many cases involving abusive sexual contact are aggravated by evidence that the offense fits a broader pattern: prior sexual misconduct, prior boundary violations, prior violence, or a history suggesting a risk of repeated predatory behavior.  That is not this case.  Nothing in Mr. Witt's background suggests that he has spent his life exploiting or harming others in any way.  To the contrary, the record reflects the opposite: a man who overcame a harsh and abusive childhood, built a family, maintained long-term employment, created a successful business, supported his children, volunteered in the community, and is viewed by those who know him as generous, hardworking, and dependable.

That history does not erase the offense. But it does help answer one of the central sentencing questions: what is necessary to protect the public and deter future misconduct by this defendant?  Mr. Witt's life history shows that this conduct was aberrational, not predictive of a pattern.  He is not a person who arrived at sentencing after escalating criminal behavior or after

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

repeated warnings that went unheeded.  He arrived here after decades of lawful, productive, and prosocial conduct.

The aviation context also matters in a way that cuts both ways.  The defense recognizes that misconduct on an airplane is serious because passengers are confined, seated close to strangers, and limited in their ability to remove themselves from an uncomfortable or unsafe situation. But Mr. Witt's history of work-related travel is also relevant.  For decades, his business required him to fly regularly.  He traveled frequently throughout the region for vendors and customers, often as a routine part of maintaining his business.  By his estimate, he took approximately 30 business trips per year for roughly 20 years.  There is no evidence of any similar allegation, complaint, report, or boundary-violating conduct during those hundreds of flights. That long history is significant.  It makes this case different from one in which the setting itself reveals an ongoing method, pattern, or recurring risk.

The most plausible explanation for what happened in this case is Mr. Witt's alcohol abuse. The defense is not arguing that intoxication excuses the conduct for which the jury convicted Mr. Witt.  It does not.  But § 3553(a) requires the Court to consider the actual circumstances of the offense and the specific risks presented by the defendant.  Here, the record strongly indicates that alcohol was central to the events of that day.  SM perceived that Mr. Witt had been drinking.  Mr. Witt admitted to drinking in connection with the flight.  Officers noted an obvious odor of intoxicants after the plane landed.  Mr. Witt's behavior during the post-flight interaction was also consistent with intoxication.  And the later course of this case revealed that Mr. Witt was struggling with a serious alcohol-use disorder that ultimately required inpatient treatment.

This matters for sentencing because it identifies a concrete, treatable risk factor.  The government argues that Mr. Witt's stable life makes his conduct more aggravating because he

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 8

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

had so much to lose.  But that argument overlooks the more obvious point: a man with Mr. Witt's history, family, business, reputation, and decades of incident-free travel had every reason not to behave this way.  The fact that this incident occurred so far outside the pattern of his life supports the conclusion that his conduct was driven by a specific and addressable condition: alcohol abuse, compounded by impaired judgment and imperfect memory.

The steps Mr. Witt has taken since then further support the defense recommendation.  He entered inpatient treatment, completed aftercare, engaged in outpatient support, participated in AA, maintained sobriety, and continued therapy.  Probation recognized that his alcohol misuse and mental health are mitigating factors and that, as long as Mr. Witt remains sober, his risk to the community appears appropriately mitigated.  That observation is critical.  It means that the most important public-safety intervention in this case is not simply a longer term of imprisonment. It is sustained sobriety, monitoring, treatment, accountability, and supervision.

A short custodial sentence followed by strict supervised release directly addresses those needs.  The Court can impose conditions requiring alcohol abstinence, substance-use-disorder treatment, testing, sex-offense evaluation and treatment if required, monitoring, no contact with the victim, and any other conditions necessary to manage risk.  Those conditions are not symbolic. They are targeted to the facts of this case.  They address the conduct, the setting, the role of alcohol, and the need for accountability going forward.

By contrast, a longer prison sentence would add punishment without meaningfully improving public safety.  Mr. Witt is not a young defendant with an escalating pattern of criminal conduct.  He is a 58-year-old man with no history of sexual misconduct, no scoreable criminal history, a documented alcohol problem now in remission, and a demonstrated capacity to comply with treatment and supervision.  The public is best protected by ensuring that the conditions that

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 9

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

led to this offense are controlled and monitored over time. A shorter custodial sentence, followed by a substantial term of supervised release, does exactly that.

C.    **The Court should not apply the obstruction-of-justice guideline enhancement.**

The Court should not apply the two-level obstruction enhancement under U.S.S.G. § 3C1.1. The enhancement is not triggered merely because a defendant testifies, maintains his innocence, and is later convicted. Nor is it enough that the jury rejected the defendant's testimony. Before applying § 3C1.1 based on trial testimony, the Court must find that the defendant committed perjury: that he gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. United States v. Dunnigan, 507 U.S. 87, 94 (1993); United States v. Castro-Ponce, 770 F.3d 819, 822 (9th Cir. 2014). The guideline commentary likewise cautions that inaccurate testimony or statements may result from confusion, mistake, or faulty memory, and that not every inaccurate statement reflects a willful attempt to obstruct justice. U.S.S.G. § 3C1.1 cmt. n.2.

That caution is important here. The jury's verdict establishes that the government proved the elements of the offense beyond a reasonable doubt. Mr. Witt respects that verdict for purposes of sentencing. But the jury's verdict does not answer the separate guideline question whether Mr. Witt knowingly and willfully lied under oath with the specific purpose of obstructing justice. The Court must make that determination independently, and the record does not support it by a preponderance of the evidence.

The central problem with applying the enhancement is that the government's argument collapses the distinction between rejected testimony and perjury. The government's position is essentially that because the jury found Ms. McGinnis credible and convicted Mr. Witt, Mr. Witt must have intentionally lied when he testified. That is not the law. If every defendant whose

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

testimony was inconsistent with a guilty verdict received an obstruction enhancement, the enhancement would become nearly automatic after any trial in which a defendant testified and lost. That would undermine the careful limitation recognized in Dunnigan and Application Note 2, and would risk turning § 3C1.1 into a trial penalty.

The evidence in this case supports a different conclusion: to the extent Mr. Witt's testimony was inaccurate, it was likely the product of intoxication, impaired perception, imperfect memory, and the passage of time, rather than a willful effort to obstruct justice. The record contains substantial evidence that Mr. Witt had been drinking before or during the flight. SM perceived that he had been drinking. Mr. Witt admitted drinking in connection with the flight. Officers noted an obvious odor of intoxicants after the plane landed. His behavior during the post-flight interaction was also consistent with intoxication. And subsequent events revealed a severe alcohol-use disorder that required inpatient treatment.

That context is critical. Mr. Witt's testimony concerned events that occurred while he was under the influence of alcohol, in a confined and stressful setting, nearly three years before trial. The issue is not whether alcohol excused the offense. It does not. The issue is whether the Court can reliably find that any inaccurate testimony was willfully false rather than the product of impaired memory or an inaccurate reconstruction of events. On this record, it should not.

The government argues that Mr. Witt "cannot have it both ways" because he testified that he was not intoxicated, while the defense now argues that intoxication likely impaired his memory. But that argument proves too much. A person whose memory and perception were impaired by alcohol may also fail to appreciate, remember, or accurately describe the degree of his intoxication. That is especially true where the person suffered from a serious alcohol-use disorder and where the conduct occurred years before trial. The fact that Mr. Witt did not fully

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 11

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

recognize or acknowledge the extent of his intoxication does not prove that he consciously lied about it. It is equally consistent with denial, minimization, poor recall, and the distorted self-assessment that often accompanies addiction.

Nor should the Court treat Mr. Witt's reliance on medical issues as proof of obstruction. The defense does not dispute that the jury rejected the defense theory. But the fact that a defendant presents a defense, including testimony about medical conditions, does not establish perjury unless the Court finds the testimony was knowingly false and willfully offered to obstruct justice. The record does not support that finding. Mr. Witt did suffer from medical conditions that he believed were relevant to his defense. The jury was free to reject the significance of that evidence. Rejection of the defense theory is not the same thing as proof that Mr. Witt fabricated it with obstructive intent.

This case is therefore different from one in which a defendant creates false documents, threatens witnesses, suborns perjury, fabricates an alibi, or gives testimony that is demonstrably false on an objective point. The government's obstruction theory rests on Mr. Witt's own account of what he perceived, remembered, and intended during an alcohol-affected event. Those are precisely the kinds of statements for which the guideline commentary instructs caution. Memory, perception, and intent are not always cleanly separable from intoxication, shame, denial, and later reconstruction.

The Court can fully respect the jury's verdict without imposing the obstruction enhancement. It can find that the government proved the offense beyond a reasonable doubt, that SM's account was credited by the jury, and that Mr. Witt is accountable for the offense of conviction. But § 3C1.1 requires more. It requires a finding that Mr. Witt willfully gave false testimony with the intent to obstruct justice. Given the substantial evidence of intoxication, the

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 12

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

later-confirmed severity of his alcohol-use disorder, the passage of time, and the guideline's express caution regarding confusion, mistake, and faulty memory, that finding should not be made here.

For these reasons, the Court should decline to apply the two-level enhancement under U.S.S.G. § 3C1.1.  The correct total offense level is 12, and the Court should sentence Mr. Witt based on that guideline calculation and the § 3553(a) factors.

### D.    A short custodial sentence would avoid unwarranted disparity.

Section 3553(a)(6) does not require the Court to impose the lengthiest sentence imposed in superficially similar cases.  It requires the Court to avoid unwarranted disparity among similarly situated defendants.  That principle supports the defense recommendation here.

The government cites several abusive-sexual-contact cases in support of a 21-month sentence.  But the cases in which longer sentences were imposed are meaningfully different from Mr. Witt's case.  In United States v. Baker, the defendant received 21 months, but the government describes that case as involving more aggravated conduct and a prior sexual assault of a teenager.  In United States v. Ballot, the defendant received 18 months, but the government acknowledges that Ballot had a documented history of prior sexual assault.  Those prior histories matter significantly.  They bear directly on risk, deterrence, and protection of the public.  Mr. Witt has no comparable history.  He was 55 years old at the time of the offense and has no scoreable criminal history, or any history at all involving violence, sexual misconduct, or victimization of others.

By contrast, the more relevant comparators show that a shorter custodial sentence can adequately reflect the seriousness of abusive sexual contact in an airplane setting.  Kumar received 15 months in a case the government describes as similar.  Jurkovic received eight

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

months.  Those sentences confirm that a meaningful custodial sentence below 21 months would not create unwarranted disparity.

The government's request would instead create disparity in the opposite direction.  It would place Mr. Witt at the same level as, or above, defendants whose cases involved more aggravated conduct or prior sexual-assault history.  That is not necessary to promote respect for the law, protect the public, or deter future misconduct.  Mr. Witt's lack of any prior similar conduct, his age, his prosocial history, his extensive history of work-related air travel without incident, and the role of alcohol abuse in this offense all distinguish him from the more aggravated cases cited by the government.

A short custodial sentence followed by five years of strict supervised release would avoid unwarranted disparity while still imposing serious punishment.  It would recognize the gravity of the offense, but it would not treat Mr. Witt as similarly situated to defendants with more serious conduct or more concerning histories.  That is the sentence § 3553(a)(6) supports.

**E.      The sentence proposed by the defense is sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).**

"The statute, as modified by <u>Booker</u>, contains an overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." <u>Kimbrough v. United States</u>, 552 U.S. 85, 102 (2007)(internal quotation marks deleted).

The defense recommendation accomplishes these goals.  It is not a request that the Court minimize the offense, disregard the jury's verdict, or overlook the harm suffered by SM.  It is a request that the Court impose a sentence proportionate to the whole record: the offense conduct,

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 14

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Mr. Witt's history and characteristics, the absence of any prior similar conduct, the role of alcohol abuse, the treatment and sobriety already achieved, the need for punishment, and the tools available through supervised release to protect the public going forward.

A short custodial sentence is sufficient to reflect the seriousness of the offense and promote respect for the law. Mr. Witt will stand before the Court convicted of a felony sex offense. He will be sentenced publicly. He will serve a custodial sentence. He will be required to register as a sex offender. He will be subject to a lengthy term of federal supervision, treatment obligations, monitoring, restrictions on travel and association, alcohol abstinence, testing, and no contact with the victim. Those consequences are severe. They will follow Mr. Witt long after any prison term ends. They communicate clearly that abusive sexual contact in the confined setting of an airplane is a serious offense with serious consequences.

The defense recommendation also provides just punishment. Mr. Witt was 55 years old at the time of the offense and had lived his entire adult life without any history of sexual misconduct, violence, or victimization of others. He built a family, a business, and a life marked by work, responsibility, and service. Those facts do not excuse the offense, but they are central to what punishment is just. A sentence should punish the conduct before the Court without treating Mr. Witt as though this offense were part of a lifelong pattern of predatory or violent behavior. It was not. A short prison sentence recognizes the gravity of the conviction while remaining proportionate to the defendant's actual history and risk.

The defense recommendation is also sufficient to provide adequate deterrence. A felony conviction, imprisonment, sex-offender registration, years of supervision, treatment, public stigma, and financial consequences will deter Mr. Witt and others. General deterrence does not require the Court to impose a sentence at or near the top of the guideline range when the record

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 15

supports a more individualized sentence. The sentence must be strong enough to convey that this conduct is unacceptable, but it need not be longer than necessary to make that point.

The need to protect the public is best addressed through supervision, sobriety, and treatment. The record strongly indicates that Mr. Witt's alcohol abuse was central to the events of this case. That does not excuse the conduct, but it does identify the most important risk factor. Mr. Witt has already taken meaningful steps to address that risk. He entered inpatient treatment, continued outpatient care, participated in AA, maintained sobriety, submitted to testing, and engaged in therapy. The probation office recognized that, so long as Mr. Witt remains sober, his risk to the community appears appropriately mitigated. The conditions proposed by the defense—alcohol abstinence, substance-use-disorder treatment, testing, sexual deviancy evaluation and treatment if required, monitoring, registration, no contact with the victim, and payment of restitution—directly address the risks presented by this case.

A longer prison sentence would not better accomplish those goals. It would add incarceration, but it would not better target the central issues of sobriety, treatment, accountability, and monitoring. It would not provide additional deterrence. It would interrupt the recovery structure that has finally taken hold. It would destabilize the business that Mr. Witt built and on which others rely. It would increase punishment without a corresponding increase in public safety. Section 3553(a) does not require the harshest sentence that can be justified. It requires the least severe sentence sufficient to accomplish the statutory purposes.

Finally, the defense recommendation ensures that rehabilitation remains possible. Mr. Witt's progress is real but still requires structure. Supervised release can provide that structure in a way prison alone cannot. It can require him to remain sober, continue treatment, submit to testing, comply with sex-offender-specific evaluation and treatment, and live under meaningful

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 16

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

federal supervision. Those conditions are tailored to the actual circumstances of this case and will remain in place long after the custodial sentence is complete.

For these reasons, a short custodial sentence followed by five years of supervised release is sufficient, but not greater than necessary, to satisfy § 3553(a). It punishes the offense, recognizes the harm caused, promotes respect for the law, deters future misconduct, protects the public through targeted conditions, and accounts for Mr. Witt's history, treatment, sobriety, and lack of prior misconduct. The Court should impose the sentence recommended by the defense.

Respectfully submitted this 26th day of June, 2026.

BLACK & ASKEROV, PLLC

Chris Black
Attorney for Keith Witt
705 Second Avenue, Suite 1111
Seattle, WA 98104
Phone:        206.623.1604
Fax:          206.658.2401
Email:        chris@blacklawseattle.com

DEFENDANT'S SENTENCING MEMORANDUM
(*Keith Witt*; CR25-046 RSM) - 17

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401